JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL ASH,                              )
                                          )
                        Plaintiff,        )        12 CV 8619
                                          )        COMPLAINT
          -against-                       )        **JURY TRIAL DEMANDED**
                                          )
THE CITY OF NEW YORK, STEVE ORTIZ,        )        **ECF Case**
and JOHN and JANE DOES,                   )
                                          )
                        Defendants.       )
-------------------------------------------------------------X

RECEIVED
NOV 28 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the defendants'

violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the

United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws

and Constitution of the State of New York.  The plaintiff seeks damages, both compensatory

and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such

other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4),

this being an action seeking redress for the violation of the plaintiff's constitutional and civil

rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff MICHAEL ASH is a citizen and a resident of the State of New York.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

9.      Defendants ORTIZ and DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK

2

and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The aforenamed defendants are sued in their individual capacities, and as agents and employees of THE CITY OF NEW YORK.

<b><u>STATEMENT OF RELEVANT FACTS</u></b>

10.    On October 8, 2011, at approximately 7:30 p.m., plaintiff ASH was a passenger in a car service vehicle in the vicinity of Seymour and Burke Avenues in the Bronx. The car service vehicle was stopped by NYPD police officer defendants ORTIZ and DOES, and plaintiff was taken out of the car and subjected to a search, including being strip searched in the public roadway. Plaintiff was then arrested. Plaintiff had done nothing to justify a stop or search or arrest.

11.    Plaintiff was transported to the 47th Precinct stationhouse, where he was subjected to a cavity strip search by defendants ORTIZ and DOES. Neither the initial public strip search, nor the cavity strip search, resulted in the recovery of any controlled substances, and plaintiff did not otherwise possess any controlled substances.

12.    Plaintiff was charged with Criminal Possession of a Controlled Substance in the Third Degree and related charges. The Criminal Court accusatory instrument was signed by defendant ORTIZ.

13.    All charges were subsequently dismissed.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

14.    The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

15.    By their conduct and actions in falsely arresting, strip-searching, and maliciously

prosecuting plaintiff, and by failing to intercede to prevent the complained of conduct,

defendants ORTIZ and DOES, acting under color of law and without lawful justification,

intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and

probable consequences of their acts, caused injury and damage in violation of plaintiff's

constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution,

including its Fourth and Fourteenth Amendments.

16.    As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional

distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and

injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

17.    The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

18.    At all times material to this complaint, defendant THE CITY OF NEW YORK

had de facto policies, practices, customs and usages which were a direct and proximate cause of

4

the unconstitutional conduct alleged herein.

19.    At all times material to this complaint, defendant THE CITY OF NEW YORK

failed to properly train, screen, supervise, or discipline employees and police officers, and

failed to inform the individual defendants' supervisors of their need to train, screen, supervise

or discipline defendants ORTIZ and DOES.

20.    The policies, practices, customs, and usages, and the failure to properly train,

screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional

conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights

as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth

and Fourteenth Amendments.

21.    As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional

distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and

injured.

### THIRD CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

22.    Plaintiffs incorporate by reference the allegations set forth in the preceding

paragraphs as if fully set forth herein.

23.    The conduct of defendants ORTIZ and DOES, alleged herein, occurred while

they were on duty and in uniform, and/or in and during the course and scope of their duties and

functions as New York City police officers, and/or while they were acting as agents and

employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY

OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

24.     As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

### FOURTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

25.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26.     By the actions described above, defendants falsely arrested and falsely imprisoned plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

27.     As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

### FIFTH CLAIM

### ASSAULT AND BATTERY

28.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29.     By the actions described above, defendants committed an assault and battery

6

upon plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

30.    As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### MALICIOUS PROSECUTION

31.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32.    By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

33.    As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### NEGLIGENCE

34.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

7

35.    Defendants, jointly and severally, negligently caused injury, emotional distress, and damage to plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

36.    As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Pre- and post-judgment costs, interest and attorneys' fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:        New York, New York
              November 27, 2012

                                      _____
                                      MICHAEL L. SPIEGEL, Esq.
                                      111 Broadway, Suite 1305
                                      New York, New York 10006
                                      (212) 587-8558
                                      *Attorney for Plaintiff*

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL ASH,

Plaintiff,

-against-

THE CITY OF NEW YORK, STEVE ORTIZ, and JOHN and JANE DOES,

Defendants.

## COMPLAINT

### MICHAEL L. SPIEGEL, ESQ.
*Attorney for Plaintiff*
ATTORNEY AT LAW
111 BROADWAY, SUITE 1305
NEW YORK, NEW YORK 10006

(212) 587-8558

*Service of a copy of the within*                                          *is hereby admitted.*

*Dated:*

_____
Attorney(s) for

## *PLEASE TAKE NOTICE*

☐          *that the within is a (certified) true copy of a*
           *entered in the office of the clerk of the within court on*                          *19*

Notice of
**Entry**
☐

                    *that an Order of which the within is a true copy will be presented for settlement to*
           *the Hon.  one of the judges of the within named Court,*
Notice of              *at*
Settlement             *on          19   , at          M.*

*Dated:*

### MICHAEL L. SPIEGEL, ESQ.
*Attorney for Plaintiff*
111 BROADWAY, SUITE 1305
NEW YORK, NEW YORK 10006

*To:*

*Attorney(s) for*